**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re: | ) |
| | ) |
| 768 Birch St. Project LLC | ) Case No. 18-14225-TBM |
| Tax ID / EIN: 47-4798273, | ) Chapter 11 |
| | ) |
| Debtor. | ) |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S**
**MOTION FOR ENTRY OF ORDER APPROVING**
**STIPULATION FOR DISMISSAL PURSUANT TO SECTION 1112(b)**

The United States Trustee ("UST"), through counsel, submits this objection to the Debtor's Motion for Entry of Order Approving Stipulation for Dismissal pursuant to Section 1112(b) and states as follows:

### Background

1. On May 17, 2018 (the "Petition Date"), 768 Birch St. Project LLC (the "Debtor") commenced this chapter 11 case. Since then, the Debtor has continued to manage its affairs and operate its business as a debtor-in-possession.

2. The UST has not appointed a creditors' committee in this case.

3. The Debtor's sole material asset is a duplex located at 768-770 Birch St. in Denver (the "Property"). *See* Amended Schedule A/B (Docket No. 44). According to Amended Schedule D (Docket No. 45), the Property is encumbered by a mortgage in favor of Pine Financial, a mechanics' lien in favor of Stubblefield Electric, a disputed mechanics' lien in favor of Legacy Investing LLC, and a lien in favor of the City and County of Denver.

4. The Pine Financial claim of $1,009,921 constitutes about 95% of the Debtor's total scheduled debt of $1,057,005. *See* Amended Schedule D (Docket No. 45) and Amended Summary of Schedules (Docket No. 43).

5. On July 12, 2018, the Debtor filed its Motion for Entry of Order Approving Stipulation for Dismissal pursuant to Section 1112(b) (the "Motion"). Through the Motion, which consists of only two numbered paragraphs, the Debtor requests approval of a Stipulation for Dismissal pursuant to Section 1112(b) (the "Stipulation") attached thereto between it and mortgage creditor PFG Fund II, LLC ("PFG"). Neither the Motion nor the Stipulation explain the connection, if any, between PFG and Pine Financial.

6. Despite the title of the Motion, the Stipulation pertains to far more than dismissal of the case. As discussed below, the Stipulation would fix the priority of PFG's lien and the amount of its claim, release insider guaranties, and provide for the payment of certain claims and

expenses. The Stipulation would also generally provide the Debtor with 60 days to locate a buyer for the Property, failing which PFG may proceed with foreclosure. *See* Stipulation at ¶ 9[1].

7.    The Stipulation is intended to be entered "as an Order of the Court." *Id.* at ¶ 14.

## Objection

8.    The UST does not oppose dismissal of this case. However, the UST objects to the Motion because it seeks Court approval of a Stipulation that would provide for various relief without satisfying numerous requirements of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure.

9.    The Stipulation effectively constitutes the Debtor's attempt to reorganize concerning its sole asset and the overwhelming majority of the estate's debt. However, neither the Motion nor Stipulation satisfy any of the safeguards and creditor protections required by 11 U.S.C. §§ 1122 through 1129, which govern with specificity the restructuring of a chapter 11 debtor's debts, and which are designed to protect all stakeholders.

10.    The Debtor cites no authority other than 11 U.S.C. § 1112(b), which pertains solely to dismissal of the case and does not pertain to any of the other relief set forth in the Stipulation. For instance, the Debtor does not discuss the standards governing approval of a compromise under Fed. R. Civ. P. 9019, nor does the Debtor state any facts or provide any explanation supporting approval of its settlement with PFG.

11.    The Stipulation, which is intended to be an order of the Court, fixes the priority and amount of PFG's claim. *See* Stipulation at § 2. However, there is no explanation as to the priority and amount of PFG's claim. Importantly, mechanics' liens are acknowledged to exist (*see* Stipulation at ¶ 5), but there is no explanation as to why PFG's lien should be determined to be in "first" position relative to the mechanics' liens and the City and County's lien. In any event, a determination of lien priorities would require an adversary proceeding, not a stipulation between the Debtor and a creditor. *See* Fed. R. Bankr. P. 7001(2). Also, to the extent that the Stipulation violates the Bankruptcy Code's priority rules by elevating PFG over other creditors, the Stipulation likewise violates the Supreme Court's holding in *Czyzewski v. Jevic Holding Corp.*, 137 S. Ct. 973 (2017).

12.    Paragraph 7 of the Stipulation provides that PFG will make available to the Debtor certain funds for designated purposes, a portion of which "shall be used" to pay the Debtor's professional fees, both legal and accounting, relating to this chapter 11 case. That is, the Court is asked to direct the payment of fees of estate professionals without any fee application being submitted pursuant to 11 U.S.C. § 330. In the case of an accountant, the Court is asked to direct that the estate's accounting expenses be paid even though an application to employ an accountant has not even been filed under 11 U.S.C. § 327.

13.    Under paragraph 8[2] of the Stipulation, PFG will release Raymond Cobb and Mary Cobb from their guarantys of the Debtor's indebtedness to PFG. No justification is provided for

---

[1] Due to a numbering glitch, this is the first of two paragraphs in the Stipulation numbered 9.
[2] Due to the same glitch, this is the second of the paragraphs numbered 8.

the release of Raymond Cobb's and Mary Cobb's guaranties.  It is unclear why the Debtor would negotiate a release of the guaranties, and it is unknown how releasing the guaranties would benefit the estate.  Rather, a release of the guaranties would generally seem to be detrimental to creditors.

14. While approval of the Stipulation would result in dismissal of the case, the Court would maintain "continuing oversight of the terms of this Stipulation."  Stipulation at ¶ 6.  If the case were dismissed, it would be impossible for the Court to continue to oversee the terms of the Stipulation.

15. Finally, the Debtor has not filed its monthly operating reports for May and June 2018, which are now well overdue.  Thus, the Court and parties in interest are being asked to evaluate the Stipulation without the benefit of all of the disclosures that the Debtor is required to make in this case.

WHEREFORE, the UST does not oppose entry of an order dismissing this case.  However, the UST requests that the Court not approve the Stipulation attached to the Motion for the reasons set forth above.  The UST requests such other and further relief as the Court deems appropriate.

Dated:  August 9, 2018

PATRICK S. LAYNG
UNITED STATES TRUSTEE


/s/  Alan K. Motes
By: Alan K. Motes, #33997
Trial Attorney for the U.S. Trustee
1961 Stout Street, Suite 12-200
Denver, Colorado 80294
(303) 312-7999 telephone
(303) 312-7259 facsimile
Alan.Motes@usdoj.gov